**EXHIBIT A**

# ORIGINAL

1  Matthew W. Wright (014104)
2  Christopher Welker (020060)
   Justin D. Holm (025202)
3  HOLM WRIGHT HYDE & HAYS PLC
   10429 South 51st Street, Suite 285
4  Phoenix, Arizona 85044
5  (480) 961-0040
   mwright@holmwright.com
6  cwelker@holmwright.com
7  jholm@holmwright.com
   Attorneys for Plaintiff
8

## ARIZONA SUPERIOR COURT
## MARICOPA COUNTY

| | |
|---|---|
| Brandon A. W. Lassley, a single man, | Case no. CV2014-000958 |
| Plaintiff, | **SUMMONS** |
| v. | |
| Secura Supreme Insurance Company, a Wisconsin insurance company; and John Does 1-10, | IF YOU WANT THE ADVISE OF A LAWYER, YOU MAY WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT 602-257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG LRS IS SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION. |
| Defendant. | |

**THE STATE OF ARIZONA TO THE DEFENDANT(S):**

**SECURA SUPREME INSURANCE COMPANY
C/O DIRECTOR OF INSURANCE
2910 NORTH 44TH STREET
2ND FLOOR
PHOENIX, ARIZONA 85018**

**YOU ARE HEREBY SUMMONED AND REQUIRED TO APPEAR AND DEFEND**, within the applicable time period as required by the Arizona Rules of Civil Procedure, in the above entitled action in this Court. If you are served within Arizona, you are required to appear and defend within 20 days after the service of this SUMMONS and COMPLAINT upon you, exclusive of the date of service. If you are served outside the State of Arizona, whether by direct service, by registered or certified mail or by publication,

1  you must appear and defend within 30 days after the service of the SUMMONS and
2  COMPLAINT upon you, exclusive of the date of service.  Where process is served upon the
3  Arizona Director of Insurance as the Insurer's Attorney to receive service of legal process
4  against it in Arizona, the Insurer shall not be required to appear and defend until the
5  expiration of 40 days after the date of such service upon the Director of Insurance.

6      Direct service is complete when made.  Service outside the State of Arizona by
7  registered or certified mail is complete 30 days after the date of filing the receipt and
8  affidavit of service with the Court.  Service by publication is complete 30 days after the date
9  of first publication.  Service upon the Arizona Motor Vehicle Superintendent is complete 30
10 days after filing the Affidavit of Compliance and return receipt of Officer's Return.  Rules
11 4.1 and 4.2, ARIZ.R.CIV.P.; A.R.S. §§ 20-222; 28-501 et seq.

12     Requests for reasonable accommodation for persons with disabilities must be made to
13 the division assigned to this case by parties at least 3 judicial days in advance of a scheduled
14 court proceeding.

15     **YOU ARE HEREBY NOTIFIED** that if you fail to appear and defend within the
16 applicable time period, a Judgment by Default may be rendered against you for the relief
17 demanded in the Complaint.

18     **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer
19 or response in writing with the Clerk of the Court, accompanied by the required filing fee,
20 within the applicable time period, and you are required to serve a copy of such Answer or
21 response upon Plaintiffs' Attorney, whose name and address is:

22                              Matthew W. Wright, Esq.
23                              Christopher Welker, Esq.
                             Justin D. Holm, Esq.
24                      HOLM WRIGHT HYDE & HAYS PLC
                     10429 South 51st Street, Suite 285
25                          Phoenix, Arizona 85044

26 ARIZ. R. CIV. P. 5, 10, and 12; ARIZ. REV. STAT. § 12-311.
27
28

SIGNED AND SEALED this date:     JUL 0 7 2014



*RMaxwell*

Clerk of the Superior Court

R. Maxwell
Deputy Clerk




1  Matthew W. Wright (014104)
2  Christopher Welker (020060)
   Justin D. Holm (025202)
3  HOLM WRIGHT HYDE & HAYS PLC
   10429 South 51st Street, Suite 285
4  Phoenix, Arizona 85044
5  (480) 961-0040
   mwright@holmwright.com
6  cwelker@holmwright.com
7  jholm@holmwright.com
   Attorneys for Plaintiff
8

**ARIZONA SUPERIOR COURT**
**MARICOPA COUNTY**

CV2014-000958

| Brandon A. W. Lassley, a single man, | Case no. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | (Breach of Contract, Bad Faith, Punitive Damages) |
| Secura Supreme Insurance Company, a Wisconsin insurance company; and John Does 1-10, | |
| Defendant. | (Jury trial requested) |

Plaintiff Brandon A. W. Lassley complains against defendant Secura Supreme Insurance Company as follows.

**Jurisdiction and Venue**

1. Plaintiff Brandon A. W. Lassley is a single man who resides in Maricopa County, Arizona.

2. Upon information and belief, defendant Secura Supreme Insurance Company is a Wisconsin insurance company duly licensed by the Arizona Department of Insurance to transact insurance business in Arizona.

3. John Does 1-10 are persons or entities presently unknown by Plaintiff. But they conspired with, aided, abetted, assisted, and knowingly acted in concert with Secura in committing the acts, omissions, and other misconduct alleged in this complaint. When

Plaintiff discovers the true identity of the John Doe defendants, he will amend this complaint and serve process on them.

4. The Court has jurisdiction over the parties and subject matter of this lawsuit in accordance with Article VI, Section 14, of the Arizona Constitution and ARIZ. REV. STAT. § 12-123.

5. Venue is proper in this Court, in accordance with ARIZ. REV. STAT. § 12-401.

6. This action arises out of a contract within the meaning of ARIZ. REV. STAT. § 12-341.01, and Secura is liable to Plaintiff for his reasonable attorneys' fees incurred in connection with this matter.

## Background

7. On or about October 6, 2010, and in return for payment of a premium, Secura issued policy number PX 264 52 96 ("Policy") to Michael and Julia Walker, plaintiff's parents.

8. The Policy names Plaintiff as an insured, and includes $500,000 in underinsured motorist coverage.

9. On January 20, 2011, Cody Murphy and Plaintiff were working as food vendors at the Barrett Jackson car show and auction. Both men worked until approximately 9:00 p.m.

10. While driving Plaintiff home after work, Murphy attempted to negotiate a bend in Adobe Road near Dobson at double the posted speed limit.

11. Murphy lost control of the vehicle, ran off the road, collided with several trees, rolled over, and eventually came to a stop in the front yard of a residence.

12. After the crash, Plaintiff was unable to get himself out of the vehicle. Murphy helped him out of the car, and then carried Plaintiff home.

13. Murphy dumped Plaintiff in his driveway—where he remained for at least an hour before he was found by a family member. The family member helped Plaintiff into the shower, and eventually transported Plaintiff to Scottsdale Osborn.

14. Scottsdale police later administered a preliminary breath test to Murphy, which registered a blood alcohol level of 0.155%. Based on this, Murphy was arrested, and his

1. blood was drawn. Murphy's blood revealed a BAC of 0.171%.

15. Ultimately, Scottsdale Police charged Murphy with Driving While Impaired, DUI, Extreme DUI, Fleeing the Scene of an Accident, Failure to Control His Vehicle, and Making a False Report.

16. Plaintiff was not charged or cited in any way related to the rollover.

17. Murphy eventually pleaded guilty to Extreme DUI and Making a False Report.

18. Before the rollover, Plaintiff had passed his initial military entrance exam, was scheduled for a physical, and had a tentative enlistment date with the Navy.

19. As a result of the rollover, Plaintiff suffered extensive injuries, including, but not limited to, a torn ACL in his left knee.

20. Plaintiff immediately provided notice of his claim to both Murphy's insurer, American Family, and his own insurer, Secura.

21. Murphy carried $100,000 coverage with American Family.

22. Plaintiff made a policy-limits demand on American Family.

23. On April 11, 2012, American Family tendered its full policy limits in exchange for a release of Plaintiff's claims against Murphy.

24. During negotiations with American Family, Plaintiff communicated to Secura his belief that his damages would exceed American Family's policy limits. And on May 16, 2012, Plaintiff made a policy limits demand to Secura against the underinsured motorists' coverage of the Policy.

25. Secura failed to make a decision for several months.

26. While Secura delayed making a decision, the condition of Plaintiff's knee deteriorated, and he returned to treatment with his orthopedic surgeon.

27. In October 2012, after delaying a decision of Plaintiff claim for nearly five months, Secura asked for updated treatment records, which Plaintiff promptly provided.

28. On November 5, 2012, Secura offered $25,000 dollars to settle Plaintiff's claims.

29. Without explanation, on May 14, 2013, Secura reduced its initial offer by $5,000, offering only $20,000 to settle Plaintiff's claims.

3

30. On June 27, 2013, Secura increased its offer back to $25,000, but then a month later, reduced it to $20,000 for the second time.

31. Ultimately, Secura demanded that Plaintiff undergo an independent medical exam ("IME").

32. In January 2014, Plaintiff submitted to an IME performed by Douglas P. Hartzler, M.D., who was chosen by Secura.

33. In its instructions to Dr. Hartzler, Secura asked the doctor to evaluate and answer 10 questions, which related to Secura's defenses to Plaintiff's claim.

34. Dr. Hartzler confirmed that Plaintiff's injuries from the collision were "new."

35. Dr. Hartzler confirmed that Plaintiff's injuries were the result of the rollover accident described above.

36. Dr. Hartzler confirmed that Plaintiff has "residual laxity" in his knee that "increases the probability of future problems."

37. Dr. Hartzler confirmed that Plaintiff's treatment since the collision was both "reasonable and necessary."

38. Dr. Hartzler confirmed that Plaintiff's treatment costs were "in line" with what is customary for these types of injuries.

39. Dr. Hartzler confirmed that Plaintiff has a 15-20% lower body impairment as a result of the collision.

40. Recently, increasing pain and laxity in Plaintiff's knee caused him to again return to the care of his orthopedic surgeon. The orthopedic surgeon found that Plaintiff is experiencing degenerative changes in his knee.

### First Claim
### (Breach of Insurance Contract)

41. Plaintiff incorporates into this first claim all other allegations of the complaint.

42. In addition to the express duties set forth in the Policy, Secura also owed Plaintiff fiduciary duties under Arizona law, including, but not limited to, equal consideration, fairness, and honesty in handling any claims made by Plaintiff under the Policy.

43. Plaintiff's recovery of Murphy's policy limits fixed Secura's liability to Plaintiff for the balance of the injuries and damages proximately caused by Murphy.

44. By making a timely underinsured coverage demand on Secura, Plaintiff complied with all the duties he had under the Policy to make a claim for the underinsured coverage.

45. All conditions precedent to Plaintiff's rights to the underinsured coverage have either occurred or have been excused.

46. As a result, Secura's duty to timely handle, process, and pay Plaintiff's underinsured motorist claim matured and became immediate.

47. Since Plaintiff's May 16, 2012 demand, Secura has unreasonably and maliciously delayed handling the claim, made continuing demands for increasing documentation of the claim, erected pretextual barriers to handling and paying the claim, refused to mediate the claim on multiple occasions, and forced Plaintiff through other unnecessary adversarial hoops.

48. To date, Secura has failed and refused to pay Plaintiff the proceeds due under the Policy's underinsured motorist coverage for the uncompensated damages caused by Murphy.

49. By engaging in protracted, unreasonable, malicious, and pretextual delay tactics, and by failing to treat Plaintiff with equal consideration, honesty, and fairness, and by failing to pay Plaintiff's claim when it had a duty to handle and pay the claim promptly, Secura has materially breached the Policy and proximately caused direct, consequential, and incidental damages to Plaintiff in an amount to be established at trial.

50. Plaintiff's direct damages caused by Secura are liquidated, and Plaintiff is entitled to an award of prejudgment interest at the highest legal rate, in accordance with ARIZ. REV. STAT. § 44-1201.

51. Because this action arises out of a contract, Plaintiff is entitled to an award of reasonable attorneys' fees against Secura in accordance with ARIZ. REV. STAT. § 12-341.01. Plaintiff is also entitled to court costs in accordance with ARIZ. REV. STAT. § 12-341.

## Second Claim
### (Insurance Company Bad Faith)

52. Plaintiff incorporates into this second claim all other allegations of the complaint.

53. In Arizona, the tort of bad-faith arises when the insurance carrier intentionally denies, fails to process, or pay a claim without a reasonable basis.

54. The duty of good faith and fair dealing imposes on the carrier an obligation to play fair with the insured.

55. Some of the carrier's obligations are fiduciary in nature, including equal consideration, fairness, and honesty.

56. Specifically, the carrier has an obligation to: (1) immediately conduct an adequate investigation; (2) act reasonably in evaluating the claim; (3) act promptly in paying a legitimate claim; (4) not force an insured to go through needless adversarial hoops to achieve its rights under the policy; and (5) not lowball claims or delay claims hoping the insured will settle for less.

57. If the carrier acts contrary to these duties, it has unreasonably jeopardized the insured's security under the policy.

58. Secura breached its duty of good faith to Plaintiff.

59. Despite the fact that Plaintiff's injuries are now and have always been legitimate, Secura has attempted to undervalue his claim.

60. The offers Secura extended to Plaintiff demonstrate that Secura attempted to protect its own interests above its insured's.

61. Secura treated Plaintiff as an adversary from the moment that Plaintiff asserted his claim.

62. Secura forced Plaintiff to go through needless adversarial hoops to achieve his rights under the policy.

63. At the same time, Secura needlessly exposed Plaintiff to economic catastrophe.

64. Secura's settlement offers demonstrate a calculated strategy to take advantage of Plaintiff in order to pressure him into a nominal UM/UIM settlement.

65. By the acts and omissions described above, Secura intentionally, deliberately, maliciously, without a reasonable basis, and in bad faith, breached its fiduciary duties owed to Plaintiff.

66. As a direct and proximate result of these material breaches of its duty, Secura caused Plaintiff to suffer direct, incidental, and consequential damages, losses, and harm, including without limitation, emotional distress, humiliation, inconvenience, and anxiety, all in an amount to be proven at trial.

### Third Claim
### (Punitive Damages)

67. Plaintiffs incorporate into this third claim all other allegations of the complaint.

68. In Arizona, an insurer that commits bad faith is subject to punitive damages.

69. Deliberate, overt, and dishonest dealings by an insurer will support an award of punitive damages against it.

70. A willful and knowing failure to process or pay a claim known to be valid is indicative of bad faith.

71. As outlined above, Secura's actions in the handling of Plaintiff's claim constitute bad faith, thereby supporting an award of punitive damages.

72. The actions described above were both overt and deliberate towards Plaintiff.

73. Secura attempted to take advantage of Plaintiff at a time when he was especially vulnerable.

74. Intending to breach its fiduciary duties to Plaintiff, Secura deliberately and maliciously caused Plaintiff injury, engaged in wrongful conduct motivated by spite or ill will, or acted to serve its own interests, having reason to know of, yet consciously disregarding, a substantial risk that this conduct might significantly injure Plaintiff. Secura thereby created a substantial risk of significant harm to Plaintiff, committed acts of egregious and outrageous conduct, and acted with the evil mind that should subject it to punitive damages in connection with the injuries it proximately caused Plaintiff to suffer.

75. As a direct and proximate result of defendant's deliberate, overt, reckless, and

dishonest dealings with Plaintiff regarding his underinsured motorists claim, Secura caused Plaintiff to suffer direct, incidental, and consequential damages, losses, and harm, including without limitation, emotional distress, humiliation, inconvenience, and anxiety, all in an amount to be proven at trial.

76. Accordingly, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish Secura and deter it from similar deliberate, overt, reckless, and dishonest conduct in the future.

**Wherefore**, plaintiff Brandon A. W. Lassley requests relief against defendant Secura Supreme Insurance Company, as follows:

1. For direct, general, special, consequential, and incidental damages to compensate plaintiff for Secura's breach of contract and bad faith in an amount to be proven at trial;

2. For an award of punitive damages against Secura sufficient to punish it and deter its conduct;

3. For pre-judgment and post-judgment interest on plaintiff's damages at the maximum rate permitted by law;

4. For reasonable attorneys' fees in accordance with ARIZ. REV. STAT. § 12-341.01;

5. For taxable costs; and

6. For all other relief as the Court deems just and proper under the circumstances.

Dated July 7, 2014.

HOLM WRIGHT HYDE & HAYS PLC

By _____
Matthew W. Wright
Christopher Welker
Justin D. Holm
10429 South 51st Street, Suite 285
Phoenix, Arizona 85044
Attorneys for Plaintiff

Matthew W. Wright (014104)
Christopher Welker (020060)
Justin D. Holm (025202)
HOLM WRIGHT HYDE & HAYS PLC
10429 South 51st Street, Suite 285
Phoenix, Arizona 85044
(480) 961-0040
mwright@holmwright.com
cwelker@holmwright.com
jholm@holmwright.com
Attorneys for Plaintiff

**COPY**

JUL 07 2014

MICHAEL K. JEANES, CLERK
R. MAXWELL
DEPUTY CLERK

## ARIZONA SUPERIOR COURT
## MARICOPA COUNTY

CV2014-000958

| | |
|---|---|
| Brandon A. W. Lassley, a single man, | Case no. |
| Plaintiff, | **CERTIFICATE REGARDING COMPULSORY ARBITRATION** |
| v. | |
| Secura Supreme Insurance Company, a Wisconsin insurance company; and John Does 1-10, | |
| Defendant. | |

Plaintiff Brandon A. W. Lassley, by and through undersigned counsel, certifies that the largest award sought by plaintiff, excluding interest, attorneys' fees, and costs, **does exceed** the limits set by Local Rule for compulsory arbitration. Accordingly, this case **is not** subject to the Uniform Rules of Procedure for Arbitration.

Dated July 7, 2014.

HOLM WRIGHT HYDE & HAYS PLC

By _____
Matthew W. Wright
Christopher Welker
Justin D. Holm
10429 South 51st Street, Suite 285
Phoenix, Arizona 85044
Attorneys for Plaintiff

Matthew W. Wright (014104)
Christopher Welker (020060)
Justin D. Holm (025202)
HOLM WRIGHT HYDE & HAYS PLC
10429 South 51st Street, Suite 285
Phoenix, Arizona 85044
(480) 961-0040
mwright@holmwright.com
cwelker@holmwright.com
jholm@holmwright.com
Attorneys for Plaintiff



JUL 07 2014
MICHAEL K. JEANES, CLERK
R. MAXWELL
DEPUTY CLERK

## ARIZONA SUPERIOR COURT
## MARICOPA COUNTY

| | |
|---|---|
| Brandon A. W. Lassley, a single man, | Case no. CV2014-000958 |
| Plaintiff, | **JURY DEMAND** |
| v. | |
| Secura Supreme Insurance Company, a Wisconsin insurance company; and John Does 1-10, | |
| Defendant. | |

Plaintiff Brandon A. W. Lassley, by and through undersigned counsel, hereby demand a trial by jury in this matter.

Dated July 7, 2014.

HOLM WRIGHT HYDE & HAYS PLC

By _____
Matthew W. Wright
Christopher Welker
Justin D. Holm
10429 South 51st Street, Suite 285
Phoenix, Arizona 85044
Attorneys for Plaintiff

**EXHIBIT B**

Matthew W. Wright (014104)
Christopher Welker (020060)
Justin D. Holm (025202)
HOLM WRIGHT HYDE & HAYS PLC
10429 South 51st Street, Suite 285
Phoenix, Arizona 85044
(480) 961-0040
mwright@holmwright.com
cwelker@holmwright.com
jholm@holmwright.com
Attorneys for Plaintiff

## ARIZONA SUPERIOR COURT
## MARICOPA COUNTY

| | |
|---|---|
| Brandon A. W. Lassley, a single man, | Case no. CV2014-000958 |
| Plaintiff, | **ACCEPTANCE AND WAIVER OF SERVICE OF SUMMONS** |
| v. | |
| Secura Supreme Insurance Company, a Wisconsin insurance company; and John Does 1-10, | |
| Defendant. | |

Kathleen M. Kassman, having been retained as counsel for Secura Supreme Insurance Company, hereby accepts service of process on behalf of Secura, in this action, and acknowledges receipt of a copy of the Complaint, upon this date, as though the same had been served upon defendant Secura by a person duly appointed or authorized by law to serve process.

Dated _July 21st_, 2014.

THE MOULTON LAW FIRM

By _____
Kathleen M. Kassmann
6410 East Thomas Road, Ste. 101
Scottsdale, Arizona 85251
Attorneys for Secura Supreme Insurance