# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Lassley, | ) |
| | ) |
| Plaintiff, | )  2:14-cv-1677 JWS |
| | ) |
| vs. | )  ORDER AND OPINION |
| | ) |
| Secura Supreme Ins. Co., | )  [Re: Motions at docs. 26 & 29] |
| | ) |
| Defendant. | ) |

## I. MOTIONS PRESENTED

At docket 26 plaintiff Brandon Lassley ("Lassley") moves for a protective order providing that he need not produce an authorization allowing defendant Secura Supreme Ins. Co. ("Secura") to obtain Lassley's drug treatment records. Secura's response at docket 29 includes a motion asking the court to order Lassley to provide the requested medical records authorization, and also to order Lassley to produce documents relating to Lassley's contacts with the United States Navy. Lassley's combined reply in support of his motion and response to Secura's motion is at docket 33. Secura replies in support of its motion at docket 35. Oral argument was requested, but the motions are well briefed, and oral argument would not assist the court.

## II. BACKGROUND

Lassley was a passenger in an automobile operated by his intoxicated friend Cody Murphy. Murphy lost control of the vehicle. Lassley was injured in the ensuing crash. Lassley settled with Murphy for the limits of his insurance policy. In this lawsuit,

Lassley seeks additional compensation from Secura pursuant to the under-insured motorist coverage in the policy Secura issued to Lassley.  Lassley seeks damages for breach of the insurance contract and bad faith in the adjustment of his claim.  He seeks compensatory and punitive damages.  The auto accident occurred in Arizona, and Lassley filed his lawsuit in Arizona state court.  Secura removed the litigation to this court relying on diversity of citizenship jurisdiction.

### III. DISCUSSION

**1. Drug Rehabilitation Records Are Privileged**

Lassley has a history of drug abuse.  He obtained substance abuse treatment on four occasions, two before the accident and two after the accident.  Secura seeks an authorization that would enable it to review Lassley's substance abuse treatment records.  Lassley is not seeking to recover any damages from Secura that relate to his substance abuse problems.

Lassley claims that the drug rehabilitation records are privileged.  Under the Federal Rules of Evidence, any health-care provider/patient privilege available to Lassley derives from the law or Arizona.[1]  Lassley correctly points out that under Arizona law, except as otherwise provided by law, a health care provider may not

---

[1] Fed. R. Evid. 501's state law proviso: "But in a civil case, state law governs privilege regarding a claim or defense for which state law applies the rule of decision." As explained in the Advisory Committee Notes to Rule 501, the rationale underlying the proviso "is that federal law should not supersede that of the States in substantive areas such as privilege absent a compelling reason. The Committee believes that in civil actions in the federal courts where an element of a claim or defense is not grounded upon a federal question, there is no federal interest strong enough to justify departure from State policy." Fed. R. Evid. 501, Advisory Committee Notes, H.R. Rep. No. 93–650.

disclose anything in a patient's medical records without the patient's written consent.[2] The records Secura seeks are subject to Arizona's health care provider/patient privilege.

**2. Protective Order For Drug Rehabilitation Records**

To obtain a protective order, Lassley must show "good cause" for sheltering the drug treatment records from disclosure.[3] The Arizona legislature has concluded that the contents of health care records such as those Secura seeks are "privileged and confidential."[4] That being so, Lassley has established the good cause required by Rule 26(c) for a protective order. As elaborated below, this is evident from the distinction drawn by Rule 26(b)(1) between privileged and non-privileged information. It may be added that both parties look to inapposite case law. Both cite *Phillips v. GM Corp.*[5] That case arose in an entirely different context. The question in *Phillips* was whether information already produced in the course of discovery could be shielded from disclosure to the public.

Secura argues that the burden, nevertheless, remains on Lassley to show "specific prejudice or harm that would result if no protective order is granted."[6] Secura has it backwards. Under the Federal Rules of Civil Procedure, a party may obtain discovery of material which is relevant to any claim or defense if the material sought is

---

[2] A.R.S. § 12-2292.

[3] Fed. R. Civ. P. 26(c).

[4] A.R.S. § 12-2292 A.

[5] 307 F.3d 1206 (9th Cir. 2002).

[6] Doc. 29 at 2.

-3-

"nonprivileged."[7]  Where a privilege applies, the discovery may be had only upon a showing of good cause.[8]  Lassley having established that the material sought is privileged, the burden is on Secura to show good cause for its production.  A protective order is appropriate unless Secura is entitled to an order requiring production of the information, despite its privileged status.

**3. Request to Compel Production of Drug Rehabilitation Records**

The privilege claimed by Lassley is not absolute.  It is subject to both statutory and judicially created exceptions.[9]  One commonly recognized exception to the health care provider/patient privilege arises when the patient has placed his condition at issue in litigation.  However, Lassley makes, and the court relies upon and will enforce, the following representation:

> Lassley has *never* asserted his drug treatment expenses form any portion of his claim—and his complaint certainly does not do so.  In short, Lassley hasn't ever, is not now, nor ever will assert that his drug-rehabilitation treatment was necessitated due to the accident, or that those expenses should be considered as a portion of his breach-of-contract and bad-faith damages.[10]

The drug treatment records are subject to discovery in this lawsuit only if they have probative value relating to an issue before the court, or their production is reasonably

---

[7]Fed. R. Civ. P. 26(b)(1).

[8]*Id.*

[9]*Benton v. Superior Court*, 897 P.2d 1352, 1354 (Ariz. Ct. App. 1994).

[10]Doc. 33 at 7 (emphasis in original).

-4-

calculated to lead to the discovery of admissible evidence, and Secura can show "good cause."[11]

Secura first contends that the drug rehabilitation records are relevant to its defense that Lassley was drunk when he accepted a ride from Murphy, because the records would "probably" contain a recommendation to Lassley that he not consume alcohol.[12] Assuming that Lassley's intoxication would provide a defense or establish contributory fault, the relevant question is whether he was sober, not whether someone told Lassley to stay sober. This contention lacks merit.

Secura offers additional reasons why the drug treatment records might be discoverable. Secura contends that the drug rehabilitation records might show some reason for the condition of Lassley's knee other than the auto accident, they might show Lassley said something in the course of the drug therapy that would show he was drunk at the time he accepted the ride from someone he knew was intoxicated, they might have an impact on Lassley's damage claim by showing that he was not obtaining appropriate care when he relapsed, and they might show something about falsehoods told by others regarding Lassley's involvement in the accident.[13] The pivotal issue is whether Secura's speculation about what might be in the drug treatment records shows that its request for production is reasonably calculated to lead to the discovery of admissible evidence.

---

[11] Fed. R. Civ. P. 26(b)(1).

[12] Doc. 29 at 5.

[13] *Id.* at 5-6.

-5-

Reason, of course, does not exist in a vacuum. Something is reasonably possible when there is some objective basis for believing it would be true. Here, it is known from Lassley's deposition testimony that he had shoulder surgery prior to the accident, took opiate pain relievers as a result, and began to abuse opiate pain medications.[14] It is also known that he was prescribed pain medications as a result of the accident and went on to abuse the drugs again. Lassley's testimony shows that he sought drug treatment both before and after the accident, and that he sought it in Phoenix, San Diego, and Denver over a period of time. There is nothing else to support Secura's speculation that the drug treatment records would lead to admissible evidence relating to issues in the pending lawsuit.

The burden is on Secura to show good cause for production of the drug treatment records. Given what is known about Lassley's drug treatment and the highly speculative nature of the proposition that the records actually do contain or would lead to discoverable information, the court concludes that Secura has not carried its burden. Lassley will not be required to authorize disclosure of the drug treatment records.

**4. Request to Compel Production of Navy Recruitment Records**

According to Secura, for a substantial period of time, Lassley was contending that his damages included the loss of his career prospects in the United States Navy, but Lassley abandoned that proposition when confronted with the fact that persons with a history of drug abuse are not acceptable to the Navy.[15] Whatever potential relevance

---

[14]Deposition of Brandon Lassley, doc. 26-1 at 10-11.

[15]Doc. 36 at 9.

-6-

the Navy recruitment records might have (Secura argues that they bear on Lassley's credibility), the record reflects that, aside from an undated letter already produced, neither Lassley nor his mother possess any Navy recruitment records. The record also discloses that Secura made no Rule 34 request for production of the Navy recruitment records. The record further reflects that Secura has not provided a certificate showing that counsel met and conferred regarding Secura's motion to compel production of the Navy recruitment records.[16]

Secura's motion to compel production of the Navy recruitment records lacks merit for several reasons. First, it is pointless, because Lassley has no such records. Second, a request for production of documents and an inadequate response to that request is a necessary predicate to a motion to compel.[17] Finally, the local rules require a certificate attesting to a personal consultation between counsel before a motion to compel may be filed.[18]

**5. Award of Attorneys' Fees**

Lassley asks the court to award him his attorneys' fees. Lassley's motion was brought pursuant to Rule 26(c). That rule contemplates the award of expenses pursuant to Rule 37(a)(5).[19] When the moving party obtains a protective order,

---

[16]Although Secura's certificate ambiguously states that its counsel "conferred or attempted to confer with" Lassley's counsel, Doc. 29 at 11, Secura does not dispute Lassley's contention that no personal consultation ever took place.

[17]*See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

[18]LRCiv 7.2(j) ("No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.").

[19]Fed. R. Civ. P. 26(c)(3).

Rule 37(a)(5) requires an award of expenses, including reasonable attorneys' fees.[20] Lassley also asks for fees relating to Secura's motion to compel. When such a motion fails, as it has here, the defending party is entitled to recover reasonable attorneys' fees.[21] Secura will be required to pay Lassley his reasonable attorneys' fees.

### III.  CONCLUSION

For the reasons above:

(1) The motion at docket 26 is **GRANTED** as follows: Lassley shall not be required to authorize the release of his drug treatment records;

(2) The motion at docket 29 is **DENIED**; and

(3) Lassley shall file a motion for attorneys' fees within 14 days. It must be supported as required by the local rules. Secura shall respond within 14 days after the motion is filed. The response may contest the amount sought, but not Lassley's right to recover a reasonable amount. No reply may be filed unless requested by the court.

DATED this 18th day of August 2015.

/S/
JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[20] Fed. R. Civ. P. 37(a)(5)(A).

[21] Fed. R. Civ. P. 37(a)(5)(B).