1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Brandon Lassley, )<br>)<br>        Plaintiff, )<br>)<br>        vs. )<br>)<br>Secura Supreme Ins. Co., )<br>)<br>        Defendant. )<br>) | 2:14-cv-1677 JWS<br><br>ORDER AND OPINION<br><br>[Re:  Motion at docket 24] |

### I.  MOTION PRESENTED

At docket 24 defendant Secura Supreme Insurance Company ("Secura") moves pursuant to Federal Rule of Civil Procedure 42(b) for an order to bifurcate or stay proceedings on plaintiff's claims for breach of contract and bad faith until the jury determines whether plaintiff is entitled to compensation under the underinsured motorist provision in the insurance policy issued by Secura.  The response from plaintiff Brandon Lassley ("Lassley") is at docket 28.  Secura's reply is at docket 30.  Oral argument was heard on September 18, 2015.

### II.  BACKGROUND

Lassley alleges that he is a named insured in an automobile insurance policy

purchased by his parents from Secura ("Policy").[1]  The Policy includes underinsured

motorist ("UIM") coverage with a $500,000 limit.  The Policy was in effect at all times

material to this action.

On January 20, 2011 Lassley was riding in an automobile when the intoxicated

driver lost control of the vehicle.  Lassley was injured in the ensuing crash.  Lassley

settled with the driver for the $100,000 liability limit in the driver's American Family

insurance policy.  Lassley submitted a UIM claim to Secura in May 2012 and demanded

policy limits.  Secura evaluated Lassley's claim and concluded that the driver was not

underinsured, stating that Lassley was "fully compensated for his injuries with the

$100,000 obtained by the driver's insurance carrier."[2]  The parties nevertheless

exchanged settlement offers, but were unable to reach a settlement agreement.  During

the course of dealings between Lassley and Secura's representatives, Secura asked

and Lassley agreed to submit to an independent medical examination ("IME").  In

January 2014 the IME physician concluded that the injury to Lassley's left anterior

cruciate ligament ("ACL") likely resulted from the auto accident and that Lassley had

residual knee problems.

The UIM policy states that if the parties are unable to agree on the amount of

Lassley's damages, they can agree to submit that issue to arbitration.[3]  The contract is

---

[1]Although Secura denies that Lassley is a named insured, Doc. 4 at 2 ¶ 8, it admits that
he is insured by the policy.  *See id.* at 6 ¶ 43.

[2]Doc. 28-1 at 6 (May 14, 2013 letter from Secura to Lassley).  *See also id.* at 8 (July 25,
2013 letter from Secura to Lassley) ("SECURA evaluated [Lassley's] claim (which included
fault, causation and damages) as one in which [Lassley] was fully compensated by the
$100,000 already received."); *id.* at 10 (same).

[3]Doc. 24-1 at 3.

silent regarding what happens if the parties do not agree to arbitration, which is what happened here.[4]  Believing he had no other option to vindicate his contractual rights,[5] Lassley brought the present action in July 2014 in which he alleges breach of the insurance contract and bad faith.  Lassley seeks compensatory and punitive damages. The lawsuit was filed in an Arizona superior court.  Secura removed the case based on diversity of citizenship jurisdiction.

## III.  STANDARD OF REVIEW

Rule 42(b) governs Secura's motion for bifurcation.  It states in pertinent part that the court may order a separate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize."[6]  This rule "confers broad discretion upon the district court to bifurcate a trial."[7]  "The piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course," however, and will be ordered only where the party seeking separate trials meets his or her burden of proving that bifurcation is necessary.[8]

## IV.  DISCUSSION

Secura's peculiar motion asks the court to bifurcate this action into two trials: (1)

---

[4]*See* Doc. 28-1 at 6 ("Given the significant issues in this case, SECURA will not agree to arbitrate this claim."); *id.* at 10 ("Given all the issues in this case, SECURA has declined to arbitrate this claim.").

[5]Doc. 28 at 2.

[6]Fed. R. Civ. P. 42(b).

[7]*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

[8]9A Charles Alan Wright & Arthur R. Miller, *et al.*, Fed. Prac. & Proc. Civ. § 2388 (3d ed.).

a trial on a hypothetical "claim for UIM benefits" not found in Lassley's complaint[9] and

(2) a trial on the two claims Lassley actually pled (breach of contract and bad faith).[10]

Secura argues that the two claims in Lassley's complaint are not yet ripe for

adjudication, but instead of seeking dismissal of those claims it asks the court to stay all

litigation, including discovery, pending the jury's resolution of a non-existent "claim for

UIM benefits."[11]   Secura cites no cases where a court has granted such an

extraordinary request, and put actual claims on hold in order for a jury to resolve a

hypothetical one.

What is more, even assuming (without deciding) that Secura is correct in

asserting that Lassley must pursue a "UIM benefits" cause of action and not a breach of

contract action, bifurcation would still serve no purpose.  Secura argues that bifurcation

will further Rule 42(b)'s goals of avoiding prejudice and expediting the litigation

because, it argues, Lassley's "bad faith claim will presumably go away" after the jury

decides the amount of damages to which Lassley is entitled.[12]  This is not so.  Even if

such a jury verdict would resolve Lassley's claim for benefits, it would not resolve

Lassley's claim for bad faith insurance adjustment.  This latter claim does not depend

on the value of Lassley's damages.  Instead, it focuses on whether Secura violated its

"obligation to immediately conduct an adequate investigation, act reasonably in

---

[9]Secura appears to be arguing that Lassley must bring an action for declaratory relief seeking an order that determines the amount of damages he is legally entitled to recover from the driver.

[10]Doc. 30 at 2.

[11]Doc. 24 at 6-7.

[12]*Id.* at 5.

evaluating the claim, and act promptly in paying a legitimate claim."[13]  The jury would need to hear evidence relevant to this claim regardless of the amount it ultimately decides that Lassley can recover under the policy.

## V.  CONCLUSION

Based on the preceding discussion, Secura's motion at docket 24 is DENIED.

DATED this 25th day of September 2015.


/s/
_____
JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[13]*Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 280 (Ariz. 2000).